IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAX C. TANNER,

    Petitioner,                         No. CIV S-07-1233 FCD GGH P

    vs.

KUMA DEBOO, Warden,               <u>ORDER</u> &

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a federal inmate proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is serving a 96-month sentence which commenced on November 8, 2002, at the Federal Correctional Institution at Herlong, California. He was convicted by a jury in the United States District Court for the Southern District of Nevada in Las Vegas of, inter alia, money laundering, securities fraud, mail fraud and wire fraud and conspiracy to commit securities fraud, mail fraud and wire fraud. Petition, pp. 1-2, Exhibits (Exhs.) A, B. Petitioner has paid his forfeiture judgment in full as well as paid toward a restitution judgment for which he and several co-defendants are jointly and severally liable. Petition, p. 2, Exhs. A, B, C.

        At the time of filing his petition, on June 25, 2007, petitioner stated that he had served more than four and one-half years of his sentence, and stated that his projected release

1

date is November 17, 2009, with earned and anticipated good time under 18 U.S.C. § 3624 (b) (which sets forth "credit toward service of sentence for satisfactory behavior"). Petition, pp. 1-2. Petitioner states that he anticipates his release to the Residential Re-entry Center (RCC), that is, a half-way house, on May 17, 2009, which provides for six months in the half-way house. Petitioner avers that he is a 59-year-old first time, non-violent offender and father of four, who has never used drugs or alcohol. Petition, p. 2.

Petitioner is challenging the practice of the Federal Bureau of Prisons, as administered by the respondent warden, of refusing to consider his request for a transfer to an RCC for the remainder of his sentence, notwithstanding 28 C.F.R. §§ 570.20 and 570.21, the BOP policy which limits RCC placement to six months or 10% of a remaining sentence (not to exceed six months). Petition, p. 1. Petitioner contends that, while he is attempting exhaustion of administrative remedies on his request for transfer to an RCC for the remainder of his sentence under 18 U.S.C. § 3621(b), such efforts are futile, given that the BOP has issued a fixed uniform national rule requiring rejection of any administrative appeal regarding the transfer he seeks. Petition, pp. 3-4. Petitioner cites <u>Laing v. Ashcroft</u>, 370 F.3d 994 (9th Cir. 2004), as recognizing a futility exception to the exhaustion requirement. Petition, p. 4.

Petitioner avers that the BOP regulation preventing him from being transferred to a halfway house until he has served 90% of his sentence violates 18 U.S.C. § 3621(b), which provides in relevant part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau..., considering-
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. []

Petitioner cites cases from the Second, Third, Eighth and Tenth Circuits which invalidate the regulations at issue, and notes several cases in this district (Fresno division) that have done so as well. See Petition, p. 4 (and below).

Motion to Dismiss

Respondent moves for dismissal of the petition as premature. Respondent avers that in 2005, the BOP adopted the regulations that limit to the lesser of 10% of the inmate's total sentence or six months, unless special statutory circumstances apply, the amount of time an inmate can spend in a halfway house at the end of his sentence. Motion to Dismiss (MTD), p. 5, citing 28 C.F.R. §§570.20, 570.21.[1] If applied, petitioner could not be released to a halfway house until May 17, 2009. Id.

In moving for dismissal, respondent concedes that 28 C.F.R. §§ 570.20 and 570.21 have been struck down by four circuits, and further agrees with petitioner, citing Ali v. Ashcroft, 346 F.3d 873, 878 (9th Cir. 2003),[2] that the instant case is one that qualifies as an exception to the administrative exhaustion requirement on grounds of futility. MTD, pp. 2, 5, citing Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). Respondent also concedes that Judges Wanger, Ishii, and

---

[1] Respondent actually cited 28 C.F.R. § 570.28 rather than § 570.21, evidently a typographical error.

[2] Respondent relies on this case, although the opinion was withdrawn. See Ali v. Gonzales, 421 F.3d 795, 797 (9th Cir. 2005).

3

O'Neill have all issued rulings striking down the regulations in similar cases, i.e., rulings that agree with petitioner's position that the regulations are invalid, ordering the BOP to evaluate the respective petitioner for RCC placement without application of the challenged regulations, referencing <u>Horn v. Ellis</u>, 2006 WL 1071959 (E.D. Cal. 2006); <u>Arcediano v. Wrigley</u>, 2006 WL 2692876 (E.D. Cal. 2006); <u>Rodriguez v. Smith</u>, 2007 WL 1521045 (E.D. Cal. 2007). MTD, p. 2. The government has disagreed with this analysis and has submitted herein a copy of their brief in an appeal of one such case, <u>Rodriguez v. Smith</u>, C.A. No. 07-16014, Civ. No. 07-0190 LJO DLB HC. Id., & Exh. 2.

      Respondent goes on to contend that when the writ has been granted in most cases, respondent has been given 14 to 90 days to evaluate the petitioner, which is usually reasonable because the petitioner is nearing the end of his sentence, but here petitioner is not due for release until November 17, 2009, even with application of all possible good time. MTD, p. 6, Exh. 4. Thus, respondent argues, this petition is unripe and should be dismissed as premature without prejudice to being renewed at a time nearer the date of release. Id.

      Respondent also contends that another BOP regulation related to RRC placements, Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, (12-16-1998), is not challenged by petitioner and it predates the challenged sections and specifies that: "A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." MTD, p. 6, Exh. 1, p. 9.[3] Respondent argues that the BOP does not have to evaluate an inmate for RRC placement until 11 months before his projected release date, and that the challenged regulations have not been applied to this petitioner, whose release date is still almost 27 months away (at least at the time respondent filed this motion). MTD, p. 6.

---

[3] By the court's electronic docketing pagination.

4

Respondent goes on to provide examples of cases dismissed as premature, even when the court found that RRC placement should be considered without reference to the challenged provisions herein, based on the petitioner's having no right to be considered for such placement until 11 months prior to good time release. MTD, p. 7. Respondent thus avers that since a BOP regulation petitioner does not challenge permits the BOP to evaluate him for RRC placement as late as 11 months before a good conduct release date, which in this case would be November 17, 2009, and thus, not before December, 2008, and by that time a ruling in Rodriguez is likely to have issued, no intervention is likely to be needed from the court. Should intervention be necessary, petitioner can re-file at a time when his claim has become ripe. MTD, pp. 9-10.

Opposition

Petitioner argues that he does have Article III standing to bring the instant petition because, in a June 10, 2007, "inmate request to staff," petitioner specifically asked for immediate transfer to a CCC taking the five factors set forth in § 3621(b) without regard to 28 C.F.R. §§ 570.20-21. Opp., p. 3, Exh. A. The case manager replied as follows: "I regret to inform you, as BOP policy now stands and applies to inmates in the Ninth Circuit, I cannot have you placed in a Residential Reentry Center (RRC) prior to May 18, 2009." Id. Therefore, petitioner contends, the challenged provisions have been applied to him to his injury.

Reply

Respondent argues that BOP policy and not a staff member's reply governs when an inmate will be evaluated for CCC placement. Further, respondent avers, "the policy of the BOP is still the one expressed in 28 C.F.R. §§570.20-21 and the BOP is currently defending that policy before the Ninth Circuit in Rodriguez v. Smith, C.A. No. 07-16014. As a practical matter, however, because all of the district judges in the Fresno Division of the District have rejected the BOP's position and struck down these two regulations, the BOP is evaluating prisoners without using the regulations. To that extent, the staff member's statement is incorrect." Reply, pp. 1-3.

Then, without making any reference whatever to having conceded futility of exhaustion in this case, respondent patently undermines its own prior concession, stating that petitioner's "claims show the necessity of requiring a prisoner to exhaust his administrative remedies in situations like this one. The document he relies on is nothing more than the statement of a staff member at his institution. The BOP has an appeal process for considering requests like these. Had Tanner pursued his appeals, the BOP would have been able to consider his request and take a formal position on it. Allowing a prisoner to rely instead on the staff member's statement is simply not justified." Reply, pp. 4-5.[4]

Discussion

>Before joining its sister circuits in finding that "28 C.F.R. §§ 570.20 and 570.21 impermissibly conflict with the clear and unambiguous congressional intent articulated in 18 U.S.C. § 3621(b) and are, therefore, invalid," the Tenth Circuit presented a cogent summary of the decisions of the Second, Third, and Eighth Circuits:

> The Levine [v. Apker, 455 F.3d 71 (2d Cir.2006)], Fults [v. Sanders, 442 F.3d 1088 (8th Cir.2006)], and Woodall [v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir.2005)] courts each determined that the BOP regulations at 28 C.F.R. §§ 570.20 and 570.21 contradicted the clear and unambiguous congressional intent expressed in 18 U.S.C. § 3621(b). Levine, 455 F.3d at 87; Fults, 442 F.3d at 1092; Woodall, 432 F.3d at 249. Each court interpreted § 3621(b) to clearly and unambiguously require the BOP to consider the five factors set out in § 3621(b)(1)-(5) when making placement and transfer decisions, and interpreted the CCC placement restrictions in § 570.21 as preventing the BOP from fully considering each of these factors. Levine, 455 F.3d at 87 ("Section 3621(b) establishes clear parameters for the BOP's exercise of discretion in making prison placements and transfers. By sorting prisoners' eligibility for [CCCs] only according to the portion of time served, the BOP has unlawfully excised these

---

[4] Petitioner filed a "rebuttal" to respondent's reply to petitioner's opposition to the motion to dismiss. In the rebuttal, petitioner seeks to have respondent's reply stricken. In its order directing a response to the petition, the court did not specifically address the deadline for respondent to file a reply brief, should the government file a motion to dismiss (rather than an answer), but such a filing is contemplated within the Local Rules (see E.D. Local Rule 78-230(d)), while a filing such as petitioner's "rebuttal" is not. Therefore, the court will direct that petitioner's "rebuttal" be stricken.

6

parameters from the statute."); Fults, 442 F.3d at 1092 ("[T]he BOP's regulation necessarily conflicts with § 3621(b) by excluding an entire class of inmates-those not serving the final ten percent of their sentences-from the opportunity to be transferred to a CCC."); Woodall, 432 F.3d at 249 ("[W]e are faced with a statute providing that the BOP must consider several factors in CCC placement, and a regulation providing that the agency may not consider those factors in full. The conflict between the regulations and the statute seems unavoidable."). Under Chevron, U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), these courts ruled the regulations were invalid.  Because each court determined § 3621(b) includes a clear assertion of congressional intent, each rejected the BOP's argument that, under Lopez [v. Davis], 531 U.S. [230]at 242, 121 S.Ct. 714, the promulgation of §§ 570.20 and 570.21 was a permissible exercise of the BOP's categorical rulemaking authority.  Levine, 455 F.3d at 85; Fults, 442 F.3d at 1091; Woodall, 432 F.3d at 246-47.FN5

> FN5. The statutory provision at issue in Lopez was 18 U.S.C. § 3621(e)(2)(B), which provides the BOP with discretion to reduce a nonviolent offender's sentence by up to one year after the prisoner successfully completes a substance abuse treatment program. Lopez v. Davis, 531 U.S. 230, 232, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). The BOP promulgated a regulation to categorically exclude from the possibility of early release any inmate whose current offense was a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon. Id. (citing 28 C.F.R. § 550.58). The Lopez Court interpreted the statute authorizing the BOP rule to contain a gap that the regulation reasonably filled in accordance with Chevron, U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Lopez, 531 U.S. at 242, 121 S.Ct. 714.

Wedelstedt v. Wiley, 477 F.3d 1160, 1164-65 (10th Cir. 2007).

But see Muniz v. Sabol, __F.3d__, 2008 (1st Cir 2008) (decided Feb. 26, 2008) creating a circuit split and declaring that BOP's "10 month remaining sentence limit before transfer to a CCC" regulation is a valid application of the statute.

Respondent cites Judge O'Neill's decision in Arroyo v. Smith, 2007 WL 1725679 (E.D. Cal. Jun. 14, 2007), wherein, although adopting the Findings and Recommendations finding the challenged BOP regulations invalid, he nevertheless found persuasive respondent's

7

objections that Program Statement 7310.04 did not require a suitability for CCC placement assessment prior to 11-13 months before the petitioner's release date.

Specifically, Judge O'Neill found that:

> Program Statement 7310.04 does not limit the BOP's discretion like 28 C.F.R. §§ 570.20, 570.21. It only requires the BOP conduct an assessment within 11 to 13 months from the date of the projected release date, thereby assuring the inmate receives a timely assessment. The program statement does not preclude the BOP from exercising its discretion and conducting an assessment at any time during an inmate's sentence. Therefore, the program statement does not run afoul of 18 U.S.C. § 3621(b).

Id.

However, respondent in framing the argument here that Program Statement (PS) 7310.04 signifies that there is no legal basis for ordering the BOP to evaluate petitioner for RRC (or CCC) placement prior to 11 months before his release date does not adequately explain how PS 7310.04, which respondent avers predates and is independent of the challenged sections, does not have the effect of limiting the discretion statutorily invested in the BOP by 18 U.S.C. § 3621(b), but simply moves the regulatory timeline limitation up by five months.  In other words, the BOP cannot do indirectly what it cannot do directly.  It cannot create an artificial date to "commence to analyze" a prisoner's eligibility for placement in a half-way house of CCC such that the date guarantees that in actuality no prisoner will be placed outside of prison before 10 months remains on the sentence.  That is indeed the case here where respondent asserts that the BOP needs to be given up to 90 days to makes its analysis about the transfer.  Do the math – no prisoner will realistically be placed outside of prison before 10 months remaining on the sentence.  Thus, the 11-13 month "start to analyze" date works hand-in-glove with the 10 month regulation.  If one is invalid, so is the other.

The court will recommend denial of respondent's motion to dismiss the petition as premature.  However, as respondent has appealed to the Ninth Circuit the invalidation of the BOP policy at issue, the court will recommend a stay of this matter, pending adjudication of

Rodriguez v. Smith, C.A. No. 07-16014, Civ. No. 07-0190 LJO DLB HC, whereupon respondent should immediately inform the court herein of the ruling in that matter; should the district court in Rodriguez be affirmed, any stay in this matter will be lifted and a summary grant of the petition will issue forthwith.

Accordingly, IT IS ORDERED that petitioner's rebuttal, filed on September 17, 2007 (# 12), to respondent's response/reply to petitioner's reply/opposition to the motion to dismiss be stricken.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition as premature, filed on August 8, 2007 (# 9), be denied;

2. That a stay of this matter be imposed, pending adjudication of Rodriguez v. Smith, C.A. No. 07-16014, Civ. No. 07-0190 LJO DLB HC, now on appeal in the Ninth Circuit;

3. Within five (5) days of a ruling in Rodriguez, supra, respondent be directed to inform the court of the appellate court's decision.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/29/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
tann1233.mtd