IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAX C. TANNER,

      Petitioner,                      No. CIV S-07-1233 FCD CHS P

    vs.

KUMA DEBOO, Warden,

      Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

                           /

I.     <u>INTRODUCTION</u>

        Petitioner Max Tanner is a federal inmate proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the April 30, 2008, decision by the Bureau of Prisons ("BOP") referring him to a Residential Re-entry Center for the final six months of his term. Petitioner argues he should receive a placement for twelve months under the Second Chance Act. Upon careful consideration of the record and the applicable law, the undersigned will recommend that this petition for habeas corpus relief be dismissed.

/////

/////

/////

/////

1

1  II.     BACKGROUND

        A.      Factual Background

        Petitioner was originally sentenced on November 8, 2002.[1]  On June 25, 2007, he filed his original federal petition arguing that the BOP was applying certain regulations, specifically 28 C.F.R. §§ 570.20, 570.21, in violation of 18 U.S.C. § 3621(b), with regard to placement in a Residential Re-entry Center ("RRC").  Original Petition at 4.  This matter was then stayed on February 29, 2008, pending the Ninth Circuit's adjudication of Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008).  On April 30, 2008, the BOP evaluated petitioner and decided that he would be transferred to an RRC for the final six months of his sentence.  Answer, Ex. 4.  That transfer was scheduled for May 19, 2008.

        Petitioner objected and sought placement for 12 months from his case manager.  That request was denied on May 18, 2008.  Answer, Ex. 6.  Petitioner next filed a request for an informal resolution on May 20, 2008, again seeking a placement for 12 months.  Answer, Ex. 7.  On May 22, 2008, that request was denied.  Id.

        On May 28, 2008, petitioner filed a request for an administrative remedy with the Warden.  Answer, Ex. 8.  The Warden denied that request on June 19, 2008.  Id.  Petitioner finally submitted an Administrative Remedy Appeal on June 28, 2008, which was denied on July 17, 2008.[2]  Answer, Ex. 9.

/////

---

[1] Petitioner was later resentenced on March 7, 2008, on remand from appeal.  Answer at 9.

[2] Respondent states that "BOP records indicate petitioner has nearly exhausted his administrative remedies" and that a dismissal to exhaust "would only delay the litigation by a few days or weeks."  Answer at 12-13.  Exhaustion may be waived or excused in " 'situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.' "  Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir.2004).  Exhaustion of remedies is an affirmative defense.  See Jones v. Bock, 549 U.S. 199 (2007) (citing Day v. McDonough, 547 U.S. 198 (2006), in the habeas context).  Respondent appears to be conceding exhaustion and therefore exhaustion will not be addressed.

2

1  On September 29, 2008, the stay in this matter was lifted. Petitioner filed a third
2  amended petition on October 6, 2008, arguing that the BOP's denial of a placement for 12
3  months was "contrary to the intent and purpose of the Second Chance Act and contrary to their
4  own policy memorandum." Third Amended Petition at 4.

   B.  Statutory and Regulatory Background

The BOP has the authority, under 18 U.S.C. § 3261(b), to designate the location of an inmate's imprisonment. The BOP's policy prior to December 13, 2002, was to exercise its discretion in allowing prisoners to serve part or all of their imprisonment in an RRC. Rodriguez, 541 F.3d at 1182. The Department of Justice Office of Legal Counsel ended that practice by issuing a legal opinion that § 3621(b) did not authorize inmate placement in an RRC for an entire term because it did not constitute imprisonment. Id.

The BOP changed its policy on December 20, 2002, by limiting an inmate's eligibility for placement in an RRC to six months, or the final ten percent of his sentence, whichever was shorter. Id. The First and Eighth Circuits invalidated that policy because it failed to recognize the BOP's discretion in transferring inmates at anytime to an RRC. Id. In response the BOP decided to "exercise its discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." Id. (quoting 69 Fed.Reg. 51213). These rules were finalized on January 10, 2005, and were published as 28 C.F.R. §§ 570.20, 570.21. Id.

On April 9, 2008, the Second Chance Act was signed into law, authorizing the BOP to consider placing inmates in an RRC for up to the final 12 months of their sentence. 18 U.S.C. § 3624. As a result, on April 14, 2008, the BOP issued a memorandum stating that 28 C.F.R. §§ 570.20 and 570.21 "are no longer applicable, and must no longer be followed." Answer, Ex. 10 at 4. Instead inmates were to be:

> individually considered for pre-release RRC placements using the
> following five-factor criteria from 18 U.S.C. § 3621(b):

1    (1) The resources of the facility contemplated;

2    (2) The nature and circumstances of the offense;

3    (3) The history and characteristics of the prisoner;

4    (4) Any statement by the court that imposed the sentence;

5        (a) concerning the purposes for which the sentence
         to imprisonment was determined to be warranted; or

6        (b) recommending a type of penal or correctional
7        facility as appropriate; and

8    (5) Any pertinent policy statement issued by the U.S.
     Sentencing Commission.

9  /////

10 Id. at 4.

On September 4, 2008, the Ninth Circuit decided <u>Rodriguez</u>, holding that 28 C.F.R. §§ 570.20 and 570.21 conflicted with the Congressional intent of § 3621(b) and that inmates be considered for RRC placement based on the five factors of § 3621(b). <u>Rodriguez</u>, 541 F.3d at 1187. The BOP therefore could not reference 28 C.F.R. §§ 570.20 and 570.21 in considering an inmate for RRC placement. <u>Id.</u> at 1189.

### III.    APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. <u>See</u> 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. <u>Tucker v. Carlson</u>, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); <u>Montano-Figueroa v. Crabtree</u>, 162 F.3d 548, 549 (9th Cir.1998) (<u>per curiam</u>) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Petitioner is challenging the execution of his sentence at the Federal Correctional Institution in Herlong, California, which is within the Sacramento Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir.1990).

IV.   DISCUSSION OF PETITIONER'S CLAIM

A.   Description of Claim

In the current petition, petitioner argues "that the BOP is acting in an arbitrary and capricious manner in their administration of the Second Chance Act of 2007, as applied to petitioner . . . " Third Amended Petition at 4. He argues that the BOP "staff ignores the presumption in favor of a 12 month RRC placement, and instead follows another mandate in the BOP Memorandum . . . " specifically the "six month rule." Id. at 4-6. Petitioner goes on to dispute specific factual findings the BOP made to support its decision. Id. at 6-15.

B.   Applicable Law and Discussion

Mootness is a threshold jurisdictional issue. See Koppers Indus. v. E.P.A., 902 F.2d 756, 758 (9th Cir.1990); see also Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Sea-Land Service, Inc. v. International Longshoremen's and Warehousemen's Union, 939 F.2d 866, 870 (1991); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. "This means that throughout the litigation, the Plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).

The jurisdiction of a federal court is limited to cases or controversies. U.S. CONST. ART. III, § 2; see Public Utilities Commission v. Federal Energy Regulatory Commission, 100 F.3d 1451, 1458 (9th Cir.1996). A case is moot "when the issues presented are

no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. If a court is unable to render effective relief, it lacks jurisdiction and must dismiss the appeal. Cox v. McCarthy, 829 F.2d 800, 802-03 (9th Cir.1987). See Spencer, 523 U.S. at 7 (injury must be "likely to be redressed 'by a favorable judicial decision.' ").

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter at issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651 (1895). "If an event occurs that prevents the Court from granting effective relief the claim is moot and must be dismissed." American Rivers v. National Marine Fishery Services, 126 F.3d 1118, 1123 (9th Cir.1997) (citation omitted); see also Church of Scientology of Cal., 506 U.S. at 12 (noting that a case becomes moot when it is "impossible for the court to 'grant any effectual relief whatever' to a prevailing party," quoting Mills, 159 U.S. at 653).

Petitioner's original petition sought an individualized review pursuant to 18 U.S.C. § 3621(b) and without regard to the limitations of 28 C.F.R. §§ 570.20 and 570.21. On April 30, 2008, the BOP gave him that review, determining that it was proper to place him in an RRC for the final six months of his imprisonment. The reasoning for that determination was stated in the Response to petitioner's Informal Resolution as follows:

> Inmate Tanner has extraordinarily extensive family and community ties. His presentence investigation report lists assets in excess of three million dollars. He received a B.A. from Brigham Young University, a B.S. from Utah State University, a Master's Degree in Business Administration from Utah State University, a Juris Doctorate degree from the University of Idaho, and a Tax Degree from George Washington University. Inmate Tanner is able to communicate, verbally and in writing, in the Spanish and German languages. The Unit Team believes a 180-day RRC placement is of sufficient duration to provide inmate Tanner the greatest likelihood of successful integration into the community.

Answer, Ex. 7 at 7.

/////

After his evaluation, petitioner filed his third amended petition arguing not that the BOP had improperly applied §§ 570.20 and 570.21, but instead that the BOP's determination was simply wrong. He now asked that the BOP be ordered to "factually justify any denial" and be prohibited from "limiting the length of time for which petitioner may be placed in an RRC based on [his] 'educational background, family and community ties, work experience, knowledge or other languages and financial assets.'" Third Amended Petition at 16.

The BOP has sole discretion to place an inmate into "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another" "at any time." 18 U.S.C. § 3621(b); Rodriguez, 541 F.3d at 1185. The only limit to that discretion is that the BOP must make an individualized consideration of an inmate for placement in an RRC based on the five-factor criteria from 18 U.S.C. § 3621(b). 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c).

After petitioner initiated this federal petition, he received the individualized consideration required under, and in compliance with, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). That consideration was without regard to 28 C.F.R. §§ 570.20 and 570.21 as required by Ninth Circuit law and BOP policy.

While petitioner may not have received as much time in an RRC as he wished, he has already received the only relief that could properly be ordered, i.e., an individualized consideration in accordance with § 3621(b) and 3624(c) (and notwithstanding the limitations of 28 C.F.R. §§ 570.20 and 570.21). This petition is therefore moot. See, e.g., Sparks v. Smith, 2008 WL 2509435 *4-*5 (E.D.Cal. June 23, 2008), adopted, 2008 WL 4177736 (E.D.Cal. Sept.8, 2008) (challenge to Bureau's prior placement decision moot where the Bureau already had conducted a second assessment in accordance with the Second Chance Act, providing all the relief the Court could provide); Safa v. Phillips, 2008 WL 2275409 (N.D.W.Va. June 2, 2008) (Bureau's individualized consideration of the petitioner's request for transfer to a CCC mooted the petitioner's challenge to section 570.21, even though the Bureau ultimately refused to transfer

the petitioner); Chaves v. Wrigley, 2007 WL 4322785 (E.D.Cal. Dec.7, 2007) (same issue moot where the petitioner was given individualized consideration, although court failed to note the outcome of the consideration); Carroll v. Smith, 2007 WL 2900221 (E.D.Cal. Oct.4, 2007), adopted, 2007 WL 3293404 (E.D.Cal. Nov.5, 2007) (same issue moot where individualized consideration resulted in a finding that the petitioner would be placed in an RRC for only 30-40 days).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2009

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE